UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOEL HUDSON, <br><br> Plaintiff, <br><br> v. <br><br> MIAMI CORRECTIONAL FACILITY, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-314-RLM-MGG |

OPINION AND ORDER

Joel Hudson, a prisoner without a lawyer, filed a complaint against three defendants. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Hudson alleges that, on March 3, 2021, his blood sugar had dropped so low that he was on the floor under his bunk unresponsive fighting for his life. He says he was suffocating on his vomit and hoping someone would come by his room because he couldn't move to push the call button. Mr. Hudson states that at about 3:00 a.m., as Mrs. Baker, a correctional officer, approached his room to do the count, she saw him lying on the floor. He asserts she flashed a light on

his face, said he was okay, and then walked away. Mr. Hudson states that he couldn't respond to her when she flashed the light on him, and he was left there to die. He was on the floor for another two hours until Mrs. Baker returned with another officer, who was helping her pass out breakfast trays. When the other officer saw Mr. Hudson, he called a signal. Mr. Hudson alleges that Mrs. Baker said she "[did not] have time for this" and left his room to finish passing out breakfast trays. Mrs. Baker later returned to Mr. Hudson's room but only to act like she was helping with the situation until the nurse arrived. Mr. Hudson says that, as a result of his low blood sugar, he fell out of the top bunk, fractured his nose, broke a tooth, and ended up in the hospital because he was given too much medicine.

Because Mr. Hudson is a pretrial detainee, his rights arise under the Fourteenth Amendment. Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018) (*citing* Kingsley v. Hendrickson, 576 U.S. 389 (2015)). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Id*. The inquiry for assessing a due process challenge to a pretrial detainee's medical care entails two steps. *Id*. at 353. To state a claim under the Fourteenth Amendment, a plaintiff must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Id*. at 345. He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id*. (emphasis omitted). Giving Mr.

Hudson the inferences to which he is entitled at this stage of the case, he has alleged a plausible Fourteenth Amendment claim against Mrs. Baker.

Mr. Hudson also sued Dr. Myers. Other than simply listing him as a defendant in the caption of his case, he never mentions him in the body of his complaint. Therefore, he can't proceed against Dr. Myers.

Mr. Hudson can't proceed against Miami Correctional Facility because it is a building and not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Joel Hudson leave to proceed against Mrs. Baker in her individual capacity for compensatory and punitive damages for denying him necessary medical care on March 3, 2021, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Dr. Myers and Miami Correctional Facility;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Mrs. Baker at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if she does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Mrs. Baker to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 18, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
